UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
F. NORRIS PIKE, ex rel. ESTATE      )
OF CLAIRE S. PIKE,                  )
                                    )
         Plaintiff,                 )
                                    )
     v.                             )   C.A. No. 13-392 S
                                    )
KATHLEEN SEBELIUS, as Secretary     )
of the Department of Health and     )
Human Services; MICHAEL GORMAN      )
as Hearing Officer, Rhode Island    )
Department of Human Services;       )
and SOUTH COUNTY HEALTH AND         )
REHABILITATION CENTER, INC.,        )
                                    )
         Defendants.                )
_____ )

**ORDER**

WILLIAM E. SMITH, Chief Judge.

On November 13, 2013, United States Magistrate Judge Patricia A. Sullivan issued a Report and Recommendation ("R&R") in the above-captioned matter (ECF No. 14), recommending that this Court: (1) grant a motion to dismiss filed by Secretary of Health and Human Services, Kathleen Sebelius ("Sebelius"); (2) grant in part and deny in part a motion to dismiss filed by Rhode Island Department of Human Services Hearing Officer, Michael Gorman ("Gorman"); and (3) dismiss sua sponte the claims against South County Health and Rehabilitation Center, Inc.

("South County"). No objections to the R&R were filed. For the reasons set forth below, the R&R is ACCEPTED IN PART.

I. Motion to Dismiss Filed by Sebelius

Because the Court agrees with Judge Sullivan's recommendation with respect to the motion to dismiss filed by Sebelius (ECF No. 6), it accepts this portion of the R&R and Sebelius' motion to dismiss is GRANTED.

II. Motion to Dismiss Filed by Gorman

The R&R advises that Gorman's motion to dismiss (ECF No. 4) be granted in part and denied in part. More specifically, the R&R recommends that Plaintiff's claims regarding Gorman's use of the Life Estate Table (Claims 1 and 3) be dismissed for failure to state a claim. With respect to the remaining claims against Gorman (Claims 2 and 5), the R&R advises that Plaintiff be given 30 days from adoption of the R&R to file an amended complaint naming a viable defendant, as the R&R found that Gorman was acting in his official state capacity and is otherwise entitled to judicial immunity. The Court accepts this portion of the R&R, and Claims 1 and 3 are hereby DISMISSED. Plaintiff shall have 30 days from the date hereof to file an amended complaint naming a viable defendant. Failure to do so will result in dismissal of Plaintiff's remaining claims against Gorman.[1]

---

[1] The R&R recommends that, to the extent Plaintiff amends the complaint to name a viable defendant, this Court stay the

III. <u>Sua Sponte</u> Dismissal of Claims Against South County

The R&R makes a <u>sua sponte</u> recommendation that this Court dismiss Plaintiff's claims against South County if, within 30 days of the acceptance of the R&R, Plaintiff does not file proof of service of process with respect to South County, justify his failure to do so by a demonstration of good cause, or South County does not otherwise appear in the suit.  Because South County filed an answer approximately one week after issuance of the R&R, this <u>sua sponte</u> recommendation is rendered moot and this portion of the R&R is not accepted.

IV. Conclusion

For the foregoing reasons, the R&R is ACCEPTED IN PART pursuant to 28 U.S.C. § 636(b)(1).  Sebelius' motion to dismiss is GRANTED; Gorman's motion to dismiss is GRANTED with respect to Claims 1 and 3, and DENIED with respect to Claims 2 and 5, provided, however, that the Clerk shall dismiss Claims 2 and 5 absent Plaintiff's amendment of the complaint to name a viable defendant within 30 days of the date hereof.  The portions of the R&R recommending a stay of the case pending the Supreme

---

matter pending the decision by the United States Supreme Court in <u>Sprint Commc'n Co. v. Jacobs</u>, 134 S. Ct. 584 (2013), involving the question of whether <u>Younger</u> abstention might be appropriate in cases such as this.  The Supreme Court issued its opinion in the <u>Sprint</u> case on December 10, 2013, narrowly interpreting the <u>Younger</u> abstention doctrine such that <u>Younger</u> abstention would not be appropriate in this case.  As such, this portion of the R&R is moot and is not accepted.

3

Court's resolution of the Sprint Communications case and recommending sua sponte dismissal of the claims against South County are moot and are not accepted.

IT IS SO ORDERED.

/s/ Wesmith
_____
William E. Smith
Chief Judge
Date:  January 13, 2014