UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                               )
F. NORRIS PIKE, ex rel. ESTATE )
OF CLAIRE S. PIKE,             )
                               )
          Plaintiff,           )
                               )
     v.                        )    C.A. No. 13-392 S
                               )
KATHLEEN SEBELIUS, as Secretary)
of the Department of Health and)
Human Services; STEVEN A.      )
COSTANTINO, as Secretary of    )
the Rhode Island Department of )
Human Services; and SOUTH COUNTY)
HEALTH AND REHABILITATION      )
CENTER, INC.,                  )
                               )
          Defendants.          )
_____)
```

**OPINION AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Plaintiff has brought claims against Kathleen Sebelius in her (now former) capacity as Secretary of the Department of Health and Human Services ("Sebelius"), Steven A. Costantino in his capacity as Secretary of the Rhode Island Department of Human Services ("RIDHS"), and South County Health and Rehabilitation Center, Inc. ("South County") stemming from the denial of his mother's Medicaid eligibility. Four motions are currently pending.

For the reasons set forth below, the Court resolves these motions as follows: (1) Plaintiff's Motion for Extension of

Time for Additional Pleading (ECF No. 18) is DENIED AS MOOT; (2) RIDHS' Motion to Dismiss for Failure to State a Claim (ECF No. 24) is GRANTED IN PART and the Court refers the remaining portion to Magistrate Judge Patricia A. Sullivan for a Report and Recommendation; (3) Sebelius' Motion to Strike Second Amended Complaint (ECF No. 26) is GRANTED; and (4) Plaintiff's Motion to Amend (ECF No. 29) is DENIED AS MOOT.

I.  Plaintiff's Motion for Extension of Time for Additional Pleading

In this motion, filed in December 2013, Plaintiff sought a 30-day extension for additional pleading. It appears that all of the bases underlying this motion have been resolved or are otherwise no longer at issue, and therefore this motion is DENIED AS MOOT.

II. RIDHS' Motion to Dismiss

This Court previously issued an Order on January 13, 2014 accepting, in part, a Report and Recommendation from Judge Sullivan (ECF No. 22). In that Order, the Court accepted Judge Sullivan's recommendation to dismiss Counts 1 and 3 which pertained to the use by an RIDHS hearing officer of a so-called Life Estate Table to calculate Plaintiff's mother's Medicaid eligibility. Therefore, insofar as RIDHS seeks dismissal of Counts 1 and 3, the Motion to Dismiss is GRANTED.

Pursuant to Judge Sullivan's Report and Recommendation, the Court granted Plaintiff 30 days' leave to file a Second Amended Complaint naming a viable defendant in Counts 2 and 5. Judge Sullivan's Report and Recommendation did not assess the merits of Counts 2 and 5 because it concluded that the RIDHS hearing officer that Plaintiff originally sued was entitled to judicial immunity. Accordingly, the Court refers to Judge Sullivan for a further Report and Recommendation the issue of whether RIDHS is entitled to dismissal of Counts 2 and 5 in light of Plaintiff's Second Amended Complaint.

III. Sebelius' Motion to Strike Second Amended Complaint

This Court's January 13, 2014 order accepted the portion of Judge Sullivan's Report and Recommendation that recommended dismissal of all claims against Sebelius. Per that order, a motion to dismiss filed by Sebelius was granted, and Sebelius was dismissed from the suit in all respects.

Undeterred, Plaintiff has again asserted claims against Sebelius in his Second Amended Complaint. Because Plaintiff was not entitled to do so, see Fed. R. Civ. P. 15(a), Sebelius' Motion to Strike Second Amended Complaint is GRANTED.

IV. Plaintiff's Motion to Amend

As noted previously, this Court's order of January 13, 2014 granted Plaintiff 30 days' leave to file a Second Amended Complaint. Plaintiff filed his Second Amended Complaint within

the applicable timeframe on February 10, 2014. For reasons not immediately apparent, Plaintiff filed a Motion to Amend on March 10, 2014, in which he sought the Court's permission to file the Second Amended Complaint.

Plaintiff seeks relief that he has already been granted. The Court's January 13 order invited Plaintiff to file an amended complaint within 30 days, and Plaintiff did so. For this reason, Plaintiff's Motion to Amend is DENIED AS MOOT.

IT IS SO ORDERED.

William E. Smith
Chief Judge
Date: June 24, 2014