```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                    )
F. NORRIS PIKE, ex rel. ESTATE      )
OF CLAIRE S. PIKE,                  )
                                    )
          Plaintiff,                )
                                    )
     v.                             )     C.A. No. 13-392 S
                                    )
KATHLEEN SEBELIUS, as Secretary     )
of Department of Health and         )
Human Services; STEVEN A.           )
CONSTANTINO, Secretary of Rhode     )
Island Department of Human          )
Services; and SOUTH COUNTY HEALTH   )
AND REHABILITATION CENTER, INC.,    )
                                    )
          Defendants.               )
_____)

## ORDER

WILLIAM E. SMITH, Chief Judge.

Plaintiff F. Norris Pike objects to the Report and Recommendation issued by United States Magistrate Judge Patricia A. Sullivan ("R&R," ECF No. 35) recommending that Plaintiff's federal claims be dismissed, and that Plaintiff's state law claims be dismissed without prejudice to refiling them in state court. As the R&R describes in detail,[1] Plaintiff has asserted a second set of claims after his first set of claims were dismissed, some with leave to replead. Defendant Rhode Island

---

[1] The R&R sets forth in full the relevant facts and procedural history of this case, which the Court need not repeat here.

Department of Human Services ("DHS") has moved to dismiss the second and fifth remaining claims ("Count 2" and "Count 5," respectively). Judge Sullivan recommended that Counts 2 and 5 be dismissed with prejudice insofar as they allege violations of federal law, and that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against DHS and Defendant South County Nursing and Rehabilitation Center, Inc. (the "Nursing Home"). For the reasons set forth in this Order, Judge Sullivan's R&R is ADOPTED in full.

Plaintiff has filed an Objection to the R&R (ECF No. 40), which fails to identify any specific portions of the R&R to which Plaintiff objects.[2] This shortcoming aside, nothing in Plaintiff's Objection undermines the sound rationale set forth in Judge Sullivan's R&R in support of its conclusions.[3]

Plaintiff's late mother ("Mrs. Pike") had applied for long-term care Medicaid benefits prior to her death to assist in paying her bills to the Nursing Home. DHS denied her application due to her recent transfer of two life estates,

---

[2] As DHS points out, this filing is an almost exact copy of an earlier memorandum filed in support of Plaintiff's objection to DHS's Motion to Dismiss for Failure to State a Claim (ECF No. 24).

[3] Plaintiff has also filed a Motion for Default (ECF No. 45) where he argues that Defendants are wrong in their responses to his Objection. Even considering these arguments, Plaintiff sets forth no reason for rejecting the R&R's conclusions.

valued at $294,995.32, to her granddaughter. Mrs. Pike's Nursing Home bills, amounting to $37,000, were personally guaranteed by Plaintiff, who sought administrative relief with DHS as to Mrs. Pike's ineligibility for benefits. DHS denied Plaintiff relief, resulting in the instant suit. Pursuant to this Court's previous Opinion and Order (ECF No. 31), Judge Sullivan was tasked with determining whether DHS is entitled to dismissal of Counts 2 and 5.

In Count 2, Plaintiff asserts that DHS should have applied the Medicaid hardship exemption to find that Mrs. Pike's transfer of life estates to her granddaughter did not render her ineligible for Medicaid compensation. Plaintiff's recently asserted theory that Count 2 arises not only under state law but also under federal law falls short. As Judge Sullivan explains, Count 2 lacks any allegation indicating that DHS violated a federal law, and nothing in the Medicaid Act or applicable federal regulations requires DHS to exempt Mrs. Pike's transfer based on hardship. Plaintiff does not specifically object to this finding, but rather reiterates his prior assertions without any clarification as to how federal law might apply. Thus, dismissal of Count 2 as to any violation of federal law is warranted.

In Count 5, Plaintiff alleges a violation of § 1983 because DHS failed to serve him with a memorandum by the DHS Office of Legal Counsel to the Hearing Officer. As the R&R explained, failing to serve a brief does not violate due process unless the claimant can show prejudice caused by the failure. Plaintiff alleges no specific prejudice caused by his inability to respond to the post-hearing memorandum at issue. Plaintiff's allegations that DHS was biased by improper ex parte contact with the Office of Legal Services prior to its submission of the post-hearing memorandum in dispute are likewise unsupported and without merit. Plaintiff neglects to assert any specific objection to the R&R's finding as to Count 5.[4] For these reasons, Count 5 must be dismissed in its entirety.

Upon dismissal of the federal claims in Counts 2 and 5, the Court must decide whether to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367. Counts 2 and 4 of Plaintiff's complaint allege state law claims. In Count 2 against DHS, Plaintiff appeals from the administrative decision denying him relief. In Count 4,

---

[4] In his Motion for Default, Plaintiff contests the requirement that he show prejudice, but offers no support for this argument. Moreover, while Plaintiff again submits that certain ex parte contact within an agency is improper, nothing in Plaintiff's allegations or arguments indicate that improper ex parte contact took place.

Plaintiff claims that the Nursing Home was negligent in handling Mrs. Pike's medical bills. The Nursing Home has asserted state law counterclaims against Pike. As Judge Sullivan sets forth, the relevant factors all point toward declining supplemental jurisdiction. Neither side objects to Judge Sullivan's recommendation that Plaintiff's state law claims in Counts 2 and 4 be dismissed without prejudice to refiling them in state court.

For the foregoing reasons, DHS's Motion to Dismiss for Failure to State a Claim is GRANTED as to any alleged violations of federal law set forth in Counts 2 and 5, and DENIED with respect to the state law claims asserted in Count 2. The R&R is ADOPTED, and Plaintiff's objection to the R&R is OVERRULED. Plaintiff's claims arising under federal law contained in Counts 2 and 5 are dismissed with prejudice, and Plaintiff's state claims in Counts 2 and 4 are dismissed without prejudice to refiling them in state court.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: July 16, 2015